NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEFFREY D. MCHATTON,

Defendant-Appellant.

No.   22-10329

D.C. Nos.
4:18-cr-02220-RM-EJM-2
4:18-cr-02220-RM-EJM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted December 2, 2024**
San Francisco, California

Before:  M. SMITH, MILLER, and BUMATAY, Circuit Judges.

Jeffrey McHatton appeals from his conviction on ten counts of securities fraud

under 15 U.S.C. § 78j(b); 15 U.S.C. § 78ff; and 17 C.F.R. § 240.10b-5 after a jury

trial.  He claims that the district court committed plain error by misstating the law in

giving the jury an instruction on securities fraud.  And he argues it abused its

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion by declining to give a specific unanimity instruction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not plainly err by issuing the Ninth Circuit's model instruction for securities fraud. Our review here is limited to plain error because McHatton did not object to the instruction below. Plain error review requires (1) an error; that (2) is clear or obvious; and (3) affects substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even then, the court has the "discretion to remedy the error," which it should exercise only if (4) the error "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano,* 507 U.S. 725, 736 (1993)).

McHatton contends that the district court misstated the law by issuing the Ninth Circuit's model instruction on securities fraud. First, he claims the instruction erred as to the mens rea required. Neither 15 U.S.C. § 78j(b) ("§10b") or Rule 10b-5 include a mens rea, so McHatton appears to argue the court should have included "knowingly" along with "willfully." But that is wrong. The statute makes "[a]ny person who *willfully* violates a provision of this chapter" subject to certain penalties. 15 U.S.C. § 78ff(a) (emphasis added). And the Supreme Court has clarified that § 10(b) and Rule 10b-5 cases fall under this general provision. *See United States v. O'Hagan*, 521 U.S. 642, 665–66 (1997). So the district court included the proper mens rea.

Next, McHatton contends the court committed plain error by failing to define a "scheme to defraud" as including an intent to "deceive *and* cheat." To support that claim, he relies on a case involving a wire fraud conviction: *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020). That case held that, in wire fraud convictions, a jury also must find a defendant intended to "deprive a victim of money or property by means of th[eir] deception." *Id.* at 1101. But that requirement does not control securities-fraud cases. The language of § 10(b) already ties the fraud to a specific type of property. It must be "in connection with the purchase or sale of any security." 15 U.S.C. § 78j(b); *see Lorenzo v. SEC*, 587 U.S. 71, 78 (2019) (describing securities fraud mens rea as "intent to deceive, manipulate, *or* defraud" (simplified)). Because the definition of securities fraud already requires a jury to find a defendant deprived a victim of property, the district court did not err in refusing to define scheme to defraud.

Lastly, McHatton argues that a defendant cannot commit securities fraud under § 10(b) by engaging in a scheme to defraud. McHatton correctly points out the words "scheme to defraud" do not appear in § 10(b). But the statute prohibits the use or employment of a broad range of conduct—"any manipulative or deceptive device or contrivance." 15 U.S.C. § 78j(b). And we have recognized that a scheme to defraud fits comfortably within that range of conduct. *See, e.g.*, *United States v. Laurenti*, 611 F.3d 530, 537 (9th Cir. 2010) (finding a "pump and dump" scheme to

3

defraud sufficient to convict under § 10(b) and Rule 10b-5); *cf. Aaron v. SEC*, 446 U.S. 680, 696 n.13 (explaining that the dictionary definition of "device" includes a "scheme"). Thus, the district court committed no error by issuing the model instruction on securities fraud.

2. The district court did not abuse its discretion by declining McHatton's request for a specific unanimity instruction. We review "for abuse of discretion the district court's denial of a defendant's request for a specific unanimity instruction." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 985 (9th Cir. 2020). "[O]rdinarily," a "general instruction" that the verdict must be unanimous is enough, and we only require a specific unanimity instruction when (1) "'there is a genuine possibility of jury confusion'" or (2) "'a conviction may occur as the result of different jurors concluding that the defendant committed . . . acts consisting of different legal elements.'" *United States v. Barai*, 55 F.4th 1245, 1249 (9th Cir. 2022) (quoting *Tuan Ngoc Luong*, 965 F.3d at 985). Neither of those requirements are present here.

There is no evidence the jury appeared confused. Unlike in other cases involving jury confusion, the government here only alleged McHatton participated in a single scheme to defraud. *Cf. United States v. Lapier*, 796 F.3d 1090, 1093 (9th Cir. 2015) (requiring instruction when there were alternative, independent conspiracies on which defendant could have been convicted). So the jury was

4

necessarily unanimous that McHatton "use[d] or employ[ed]" a "manipulative or deceptive device or contrivance" under § 10(b) by taking part in that scheme.

And the jury did not convict based on different legal elements here. The subparts of Rule 10b-5 are means, not elements. Section 10(b) lists only one actus reus—"[t]o use or employ . . . any manipulative or deceptive device or contrivance"—and the statute does not require a different mens rea or assign a different punishment depending on which of the Rule 10b-5 subparts is involved in the defendant's violation. 15 U.S.C. § 78j(b); *see* 15 U.S.C. § 78ff; 17 C.F.R. § 240.10b-5. That is why we have never required a specific unanimity instruction in *all* securities fraud cases, even though such an instruction may sometimes be appropriate. *See United States v. Weiner*, 578 F.2d 757, 788 (9th Cir. 1978) (per curiam) (affirming specific unanimity instruction in securities fraud case). "[J]urors need not be unanimous as to a particular *theory of liability* so long as they are unanimous that the defendant committed the underlying substantive offense." *United States v. Lyons*, 472 F.3d 1055, 1069 (9th Cir. 2007) (emphasis added). And "[t]he jury need not agree as to mere means of satisfying the actus reus element of an offense." *Barai*, 55 F.4th at 1253 (quoting *Schad v. Arizona*, 501 U.S. 624, 632 (1991) (plurality opinion)). Therefore, the district court did not abuse its discretion by declining to give a specific unanimity instruction.

**AFFIRMED**.